# FULL AND FINAL RELEASE OF ALL CLAIMS
# AND SETTLEMENT AGREEMENT

This Full and Final Release of All Claims and Settlement Agreement is made and entered into this ____ day of February, 2016 ("Effective Date") by and between ProTech Dental Studio, Inc. and Duck K. Lee (collectively, "ProTech"), and Bryan Robinson, hereinafter "Robinson").  All parties are referenced collectively as "the Parties".

**WHEREAS**, Robinson has a pending lawsuit against ProTech titled <u>Bryan Robinson v. ProTech Dental Studio, Inc.</u>, Case  No. 1:15-cv-00796 (TSE/MNN) (the "Lawsuit").

**WHEREAS**, ProTech and Robinson have agreed to conclude all disputes between them on the basis of the terms and conditions set forth in this Full and Final Release of All Claims and Settlement Agreement ("Release" or "Agreement").

***NOW, THEREFORE, AND IN CONSIDERATION*** of the mutual promises of the Parties to this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.   Robinson, for his self, his attorneys, heirs, executors, administrators, successors, assigns, trustees, and creditors, do fully release and forever discharge ProTech, including any subsidiary, and/or affiliate corporations or entities, and companies or entities related thereto, as well as all predecessors, successors, assigns, directors, officers, partners, agents, owners, employees, attorneys, and administrators of such companies or entities, (hereinafter "Releasees"), from all grievances, suits, causes of action, and/or claims of any nature whatsoever, whether known, unknown, or unforeseen, which Robinson has or may have against the Releasees for any reason whatsoever, whether in law or in equity, under federal, state or other law, whether the same be upon statutory, tort, contract or other basis, including all charges, complaints, and claims arising out of any event, transaction, or matter that occurred from the beginning of the world up until the Effective Date of this Agreement.

2.   Robinson covenants that neither they, nor any person, organization, or other entity or representative on his behalf or in his name, will sue the Releasees, or initiate any type of action against the Releasees of any kind, whether for monetary damages, with respect to any event, transaction, or matter that occurred before the date of this Agreement, or with respect to any continuing effects of such events, transactions, or matters, including all claims which have been or could have been brought or asserted. Further, to the fullest extent permitted by law, Robinson promises not to sue or bring any lawsuits related to the claims he is waiving by this Agreement against the Releasees and/or related persons, either individually or as members of a class, and he shall immediately withdraw with prejudice any such lawsuits that he began before signing this Agreement.

3.   This Release specifically includes, but is not limited to, all claims relating to Robinson's employment, all claims of breach of contract, employment discrimination (including, but not limited to, discrimination on the basis of race, sex, religion, national origin, age, disability, or any other protected status, and coming within the scope of Title VII of the Civil

Rights Act, the Americans with Disabilities Act, the Equal Pay Act, all as amended, or any other applicable state, federal, or local law), claims under the Employees Retirement Income Security Act, claims under the Fair Labor Standards Act (or any other applicable federal, state, or local statute relating to payment of wages), claims under the Worker Adjustment and Retraining Notification Act, and claims under the Family & Medical Leave Act, all as amended, as well as any claims concerning recruitment, hiring, discharge, promotions, transfers, employment status, right to reemployment, wages, bonus or incentive pay, severance pay, stock or stock options, employment benefits (including, without limitation, sick or other leave, medical, disability, life, or any other insurance, 401k, pension, or other retirement plan or benefits, or any other fringe benefits), worker's compensation, wrongful discharge, defamation, invasion of privacy, intentional or negligent misrepresentation and/or infliction of emotional distress, together with any and all tort, contract, or other claims which have been or might have been asserted by Employees or on their behalf in any suit, charge of discrimination, or claim against the Releasees. This Release does not affect the right of Robinson to enforce, or seek damages for, violations of this Agreement.

   4. Robinson agrees that through this Agreement he will be paid all minimum wages, overtime wages, and liquidated damages that he was arguably owed in full, plus his attorney's fees. With regard to any claim or cause that Robinson cannot waive as a matter of law, he hereby agrees and covenants that he is not entitled to receive any monetary compensation or other relief from such claims.

   5. As consideration for the releases and other commitments made herein ProTech shall pay a total of $60,000.00 (Sixty Thousand Dollars) to Robinson and $30,000.00 (Thirty Thousand Dollars) to Robinson's counsel, for a total of $90,000.00 (Ninety Thousand Dollars) (the "Settlement Amount"). These payments will be made as follows:

  (i). ProTech shall pay Robinson $60,000.00 over six separate payments within 75 days of Robinson signing this agreement.

   (a). <u>First Payment</u>. Within fifteen days of Robinson signing this agreement, provided the Court has previously approved the settlement, two checks shall be delivered to Robinson's counsel made payable to Robinson. One check shall be in the amount of $10,000.00 (ten thousand dollars) less all applicable withholdings; this amount constitutes payment of wages owed to Robinson and ProTech shall issue an IRS Form W-2 reporting this payment. The other check shall be in the amount of $10,000.00 (ten thousand dollars); this amount constitutes full payment of liquidated damages owed to Robinson and ProTech shall issue an IRS Form 1099 to Robinson.

   (b). <u>Second Payment</u>. Within 45 days of Robinson signing this agreement, ProTech shall deliver two more checks of $10,000.00 each in the same manner and form as 5(i)(a) above.

   (c). <u>Final Payment</u>. Within 75 days of Robinson signing this agreement, ProTech shall deliver two more checks of $10,000.00 each in the same manner and form as 5(i)(a) above.

(ii). ProTech shall pay Robinson's counsel over three separate payments within 75 days of Robinson signing this agreement.

(a). <u>First Payment</u>. Within fifteen business days of Robinson signing this agreement, one check shall be delivered to Robinson's counsel made payable to K&G Law Group, PLLC for a total of $10,000.00 (ten thousand dollars). ProTech shall issue an IRS Form 1099 to counsel (counsel shall provide a W-9 to facilitate the issuance of a 1099).

(b). <u>Second Payment</u>. Within 45 days of Robinson signing this agreement, ProTech shall deliver two more checks of $10,000.00 each in the same manner and form as 5(ii)(a) above.

(c). <u>Final Payment</u>. Within 75 days of Robinson signing this agreement, ProTech shall deliver two more checks of $10,000.00 each in the same manner and form as 5(ii)(a) above.

(iv). If ProTech fails to make any payment required hereunder within ten (5) days of written notice of default, Robinson or his counsel shall be entitled to the full Settlement Amount.

All payments set forth above are contingent upon court approval of this settlement.

6. It is understood and agreed by the Parties that this Agreement is not to be construed as an admission of or evidence of liability for any violation of the law, willful or otherwise, by ProTech, and that ProTech expressly denies that any wrongdoing has occurred.

7. Within three days of the payment of the first check described above in Section 5(i), Robinson shall cause his Complaint, currently pending in the U.S. District Court for the Eastern District of Virginia, to be dismissed with prejudice. Counsel shall file appropriate papers for approval of the settlement as necessary at the same time.

8. Robinson agrees that he will not seek employment or reemployment with ProTech or any of its parent, subsidiary, or affiliate corporations in the future.

9. Robinson affirms that the terms stated herein are the only consideration for signing this Agreement, and that no other representations, promises, or agreements of any kind have been made to or with him by any person or entity whatsoever to cause him to sign this Settlement Agreement. Robinson has accepted the terms of this Agreement because he believes it to be fair and reasonable and for no other reason.

10. Robinson represents and agrees that, other than the Lawsuit, Robinson has not filed any lawsuits against Releasees, or filed or caused to be filed any charges, claims or complaints against Releasees with any municipal, state or federal agency charged with the enforcement of any law. Robinson agrees not to assist or otherwise participate willingly or voluntarily in any arbitration or lawsuit which relates to any matter that involves Releasees, and that occurred up to and including the date of Robinson's execution of this Agreement,

unless required to do so by court order, subpoena or other directive by a court or arbitration panel, or unless required to enforce this Agreement.

11. Robinson further agrees not to disclose, the terms or contents of this Agreement, the claims that have been or could have been raised against ProTech, the facts and circumstances underlying this Agreement, except to Robinson's spouses, attorneys and accountants, each of whom shall agree to keep such information confidential as a condition to such disclosure. This paragraph shall not prevent Robinson from discussing with prospective employers his duties and responsibilities as an employee of ProTech. If asked, Robinson may disclose only that such Lawsuit was resolved.  The parties understand that the terms of this agreement are subject to public court approval.

12. This Agreement contains and constitutes the entire understanding and agreement between the Parties regarding the Litigation and the settlement thereof and supersedes and cancels all previous negotiations, agreements, commitments, and writings in connection therewith.

13. This Agreement may not be released, discharged, abandoned, supplemented, changed, or modified in any manner, orally or otherwise, except by an instrument in writing signed by all of the Parties hereto.

14. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia without regard to its conflicts of laws principles.

15. If any provisions in this Agreement are held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless continue in full force without being impaired or invalidated in any way.

16. The waiver by any of the Parties of any breach of this Agreement shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.  All waivers must be in writing and signed by the waiving Party.

17. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

18. If any Party breaches this Agreement, or any dispute arises out of or relating to this Agreement, the prevailing Party shall be entitled to reasonable attorneys' fees, costs, and such other relief that the Court deems appropriate.

19. This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

(SIGNATURES ON THE FOLLOWING PAGE)

IN WITNESS WHEREOF, the Parties have duly executed this Settlement Agreement by their signatures below:

**Bryan Robinson**:

_____ Date: _____

**PROTECH DENTAL STUDIO, INC.**

By: _____ Date: _____

_____
Duck K. Lee

**DUCK K. LEE, IN HIS INDIVIDUAL CAPACITY**

_____ Date: _____